UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PERRY J. WILLIAMS AND                          CIVIL ACTION
ROXANNE G. WILLIAMS

VERSUS
                                               NO. 17-73-JWD-RLB
EFCU FINANCIAL FEDERAL
CREDIT UNION

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 12, 2017.

                                    _____
                                    RICHARD L. BOURGEOIS, JR.
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PERRY J. WILLIAMS AND<br>ROXANNE G. WILLIAMS | CIVIL ACTION |
| VERSUS | |
| EFCU FINANCIAL FEDERAL<br>CREDIT UNION | NO. 17-73-JWD-RLB |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Motion to Remand. (R. Doc. 6). The motion is opposed. (R. Doc. 7). Plaintiffs have submitted a Reply. (R. Doc. 11).

**I.      Background**

On December 19, 2016, Perry J. Williams and Roxanne G. Williams ("Plaintiffs") initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendant EFCU Financial Federal Credit Union ("EFCU"). (R. Doc. 1-1, "Petition"). Plaintiffs allege that on February 26, 2016, they obtained a mortgage loan of $263,500 from EFCU to purchase certain property in Baton Rouge. (Petition, ¶ 7). Plaintiffs assert that on January 28, 2016, EFCU concluded that because the property to be purchased was not in a FEMA-designated special flood hazard area, EFCU did not require Plaintiffs to obtain flood insurance to secure the mortgage. (Petition, ¶ 7-11). Plaintiffs assert that they incurred $600,000 in losses as a result of the historic flooding in mid-August 2016 in the Baton Rouge area. (Petition, ¶ 12). Plaintiffs allege that after the flooding they "learned that the property was in fact in a FEMA-designated special flood hazard area" and, accordingly, EFCU was required to

have them purchase flood insurance as a condition to the mortgage pursuant to the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001 *et seq*. (Petition, ¶¶ 9, 13).

Plaintiffs allege that "[h]ad EFCU not misrepresented the special flood hazard area status" of the property, they "would have had flood insurance to cover the losses from the flood." (Petition, ¶ 14). Plaintiffs assert a claim of "detrimental reliance" pursuant to Louisiana Civil Code article 1967. (Petition, ¶ 15-21).

On February 8, 2017, EFCU removed the action on the basis of this Court's federal question jurisdiction, 28 U.S.C. § 1331. (R. Doc. 1).

On March 3, 2017, Plaintiffs moved to remand on the basis that the Court lacks subject matter jurisdiction over the action. (R. Doc. 6).

## II.     Arguments of the Parties

In support of remand, Plaintiffs acknowledge that the NFIA does not create a federal private right of action and that courts have held that the NFIA preempts state law negligence claims. (R. Doc. 6-1 at 2-3). Plaintiffs argue that their state law "detrimental reliance" claim is based in contract and, therefore, is not preempted by the NFIA. (R. Doc. 6-1 at 3). Plaintiffs argue that their detrimental reliance claim "does not question or contest" EFCU's duties under the NFIA, and, as a result, their "cause of action does not arise under federal law for the purposes of § 1331 jurisdiction." (R. Doc. 6-1 at 4).

In opposition, EFCU argues that because any purported duty it had to provide a flood zone determination to Plaintiffs would have arisen under the NFIA, there is federal question jurisdiction over this action. (R. Doc. 7 at 1). In distinguishing decisions relied upon by Plaintiffs, EFCU argues that Plaintiffs' detrimental reliance claim arises under the NFIA because any alleged duty of EFCU must arise under the NFIA. (R. Doc. 7 at 2-3).

In reply, Plaintiffs assert that under the well-pleaded complaint rule, the Court does not have federal question jurisdiction over the asserted state law claims. (R. Doc. 11 at 1-2). Plaintiffs further assert that the state court is better suited to determine whether recovery is available under their state law claim. (R. Doc. 11 at 2-3).

## III. Law and Analysis

### A. Legal Standards

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. This court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco*

3

*Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). That federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008).

The complete preemption doctrine, however, creates a narrow exception to the well-pleaded complaint rule, allowing removal of an otherwise unremovable state court action where Congress has "so completely preempt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *See Johnson v. Baylor Univ.,* 214 F.3d 630, 632 (5th Cir. 2000) (quoting *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Unlike ordinary preemption, complete preemption is jurisdictional in nature, and "[a]s such, it authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims. . . ." *Johnson*, 214 F.3d at 632 (quoting *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 500 (5th Cir. 1999)).

The Fifth Circuit initially identified another narrow exception known as the artful pleading doctrine, under which the court will evaluate the plaintiff's motive for not pleading a federal cause of action. *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir. 1989). Under this doctrine, "[i]f the court concludes that the plaintiff's failure to plead her federal claim was not in good faith, but rather was an attempt to conceal the fact that her claim was truly federal, the court will allow the removal." *Id*. The Fifth Circuit has more recently held, however, that "the artful pleading doctrine applies *only* where state law is subject to complete preemption." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (citing *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188-89 (5th Cir. 2001)).

4

The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 331 (5th Cir. 2008). If Congress intended the federal cause of action to be exclusive, the state law cause of action is completely preempted, and federal jurisdiction exists. *Id*.

**B.     Analysis**

The sole basis for this Court's jurisdiction asserted by EFCU in the Notice of Removal is federal question jurisdiction pursuant to 28 U.S.C. § 1331. In support of federal question jurisdiction, EFCU relies upon a single district court decision, *Duong v. Allstate Ins. Co.*, 499 F. Supp. 2d 700 (E.D. La. 2007). (R. Doc. 1 at 3-4; R. Doc. 7 at 1-2). In *Duong*, the court addressed the merits-based issue of whether a plaintiff failed to state a claim under Louisiana law for negligent misrepresentation where the defendant, among other things, allegedly advised the plaintiff that he was not in a flood zone and therefore did not need flood insurance. *Duong*, 499 F. Supp. 2d at 702-04. The court dismissed the plaintiff's claim for negligent misrepresentation on the basis that "the lender has no duty to share flood zone determination with the borrower," further stating that "[e]ven if the action were not preempted by the NIFA, the action is mostly likely barred under Louisiana law." *Id*. at 704.

While the *Duong* decision provides analysis relevant to whether the plaintiff in this action has alleged a claim under Louisiana law, it does not address the issue now before the Court—whether federal question jurisdiction exists in light of the NIFA where a plaintiff alleges a state law claim for detrimental reliance.[1] To be clear, even if EFCU may ultimately establish that

---

[1] As here, the action in *Duong* was commenced in state court and was then removed by the defendant. In its Notice of Removal, the removing defendant asserted that the federal court had subject matter jurisdiction based upon: (1) original exclusive subject matter jurisdiction pursuant to 42 U.S.C. § 4072; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; (3) federal officer statute removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1); and 28

field and/or conflict preemption provides a defense to Plaintiff's claim, the presence of such a preemption-based defense "does not establish federal question jurisdiction." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) ("Rather than transmogrifying a state cause of action into a federal one—as occurs with complete preemption—conflict preemption serves as a *defense* to a state action."); *see also Soley v. First Nat. Bank of Commerce*, 923 F.2d 406, 408-09 (5th Cir. 1991) (relying on distinction between complete preemption and preemption defense and holding that the defense does not confer removal jurisdiction). Accordingly, the Court will turn to whether the doctrine of complete preemption applies in this action.

The Fifth Circuit has held that the NFIA does not provide an implied private cause of action against a lender for failing to notify borrowers prior to closing that the mortgaged property is located in a flood hazard area and for failing to require the purchase of flood insurance before executing the loan. *See Till v. Unifirst Federal Savings and Loan Association*, 653 F.2d 152, 154-161 (5th Cir. 1981). The Fifth Circuit further held that any determination of whether an implied private cause of action under federal law must exist prior to recovery on state-based claims for failure to disclose that a property is located in a flood hazard area is an issue of state law. *Id*. at 161-62; *see Duong*, 499 F. Supp. 2d at 703 ("[T]he *Till* court specifically allows for the possibility that a state law claim could exist for a failure to properly make a flood determination."). If this Court lacks jurisdiction, then it is not our role to determine whether the state cause of action as pled is sufficient. The state court is certainly able to make such a determination.

---

U.S.C. § 1337, which confers jurisdiction over actions arising under an Act of Congress regulating commerce. *Duong*, Civil Action No. 06-6719, ECF No. 1. The plaintiff did not move for remand, and the court did not otherwise address the issue of subject matter jurisdiction. Here, the EFCU has solely asserted that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the federal question statute. EFCU has not argued, much less demonstrated, that any other basis for subject matter jurisdiction asserted in the *Duong* action provides a basis for subject matter jurisdiction in this action.

6

In an unpublished decision, the Fifth Circuit addressed, *sua sponte*, the issue of whether there is federal question jurisdiction over state law claims for deceptive trade practices, fraud, and negligent misrepresentation arising from a lender's erroneous assertion that that property purchased by the plaintiff was in a flood zone. *Saadat v. Landsafe Flood Determination, Inc.*, 253 F. App'x 343 (5th Cir. 2007). Noting that the plaintiff's complaint did "not invoke federal law," the Fifth Circuit concluded that the district court incorrectly exercised subject matter jurisdiction over the action in dismissing the plaintiff's claims. *Id.* at 344. The Fifth Circuit specifically stated that "[a] complaint that alleges a violation of a federal statute as an element of a state cause of action, when there is no private cause of action under the statute, does not state a claim conferring federal question jurisdiction." *Id.* at 344 (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986)). The Fifth Circuit further stated that there was "no complete preemption present in order to avoid the well-pleaded complaint rule, and the resolution of [the [plaintiff's] claims [did] not turn on the answer to a federal question." *Id.* at 344-45 (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)). The Fifth Circuit vacated the district court's dismissal of the plaintiff's claims, and ordered the district court to remand the action to state court. *Saadat,* 253 F. App'x at 345.

Based on the foregoing, the Court concludes EFCU has not met its burden of demonstrating that the Court has subject matter jurisdiction over this action. The NFIA does not provide an implied private cause of action against a lender under federal law. *Till*, 653 F.2d 152. Accordingly, Plaintiff's state law claims for detrimental reliance do not assert a federal claim pursuant to the complete preemption doctrine or otherwise. *Saadat*, 253 F. App'x 343. EFCU has not argued, much less established, that the Court can exercise subject matter jurisdiction on any basis other than the federal question statute, 28 U.S.C. § 1331. *See*, *supra*, footnote 1.

7

## IV. Conclusion

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 6) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on April 12, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**